UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61909-CIV-COHN
MAGISTRATE JUDGE P. A. WHITE

DALE H. CLINE,

    Plaintiff,

v.

BROWARD COUNTY SHERIFF'S
OFFICE, ET AL.,

    Defendants.

REPORT OF
MAGISTRATE JUDGE

FILED by _____ D.C.
MAG. SEC.
SEP 26 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## I. Introduction

This Cause is proceeding upon the plaintiff Dale H. Cline's "First Request to Amend Statement of Claim" and "Request to Add Defendant" against Broward County Sheriff Ken Jenne and Sergeant Alfalo filed on February 16, 2006. [DE# 8 (Complaint)]. The Complaint raises allegations of unconstitutional conditions of confinement at the Broward Stockade, where he was confined when he filed the Complaint. As of April 17, 2006, the plaintiff is now confined at the JV Conte Facility. [DE# 15].

The Complaint contains eleven counts, which are allegations of incidents in which Stockade officials permitted non-medically cleared ("unbanded") inmates to handle open food and water containers, putting the plaintiff's health at risk. These incidents are as follows:

Count I:    On November 4, 2005, an unidentified housing deputy served a food tray to the plaintiff rather than using a banded trustee.

Count II:    On November 11, 2005, the plaintiff received a meal tray that had been opened and was missing a spoon.

Count III:      On December 5, 2005, an unbanded inmate filled a water cooler.

Count IV:       On December 9, 2005, an unbanded inmate filled a water cooler.

Count V:        On December 17, 2005, an unbanded inmate filled a water cooler.

Count VI:       On January 14, 2006, an unbanded inmate filled a water cooler.

Count VII:      On January 16, 2006, an unbanded inmate filled a water container and used it to exercise.

Count VIII:     On January 26, 2006, an unbanded inmate transferred ice from one water cooler to another with his hands inside the cooler.

Count IX:       On January 31, 2006, an unbanded inmate filled a water cooler.

Count X:        On February 4, 2006, an unbanded inmate filled a water cooler.

Count XI:       On February 6, 2006, an unbanded inmate filled a water cooler.

The plaintiff alleges that Jenne and Alfalo are aware of unsanitary conditions but have failed to address the problem.

The "Second Request to Amend/Add Counts to Statement of Claim" [DE# 14] seeks to add two additional instances where unbanded inmates filled water coolers.

On July 19, 2006, the plaintiff filed a Request to Add Defendants. [DE#'s 36, 39, 40]. The plaintiff seeks to add as defendants X. O. Williams, ranking officer of the Conte Detention Facility, and Conte Housing Deputy Nunez. The plaintiff alleges that Williams has failed to take

any action to investigate or resolve a grievance the plaintiff submitted on July 2, 2006 with regard to his allegation that unbanded inmates put food in a water cooler, and Williams and Nunez conspired to wrongfully place the plaintiff on suicide watch.

On September 18, 2006 the plaintiff filed a Motion to Add Count XVII, alleging another instance of unbanded inmates handling water. [DE# 47]. The plaintiff has also filed a request to add Lewis Thomas as a defendant. [DE# 48]. Thomas works at the Conte law library. The plaintiff alleges that Thomas withheld unspecified legal information to be used in this lawsuit with regard to conditions of confinement at Conte.

The "Second Request to Amend/Add Counts to Statement of Claim" [DE# 14] was filed before the defendants were served, and no leave of court is necessary. A party may amend the original pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). No responsive pleading has been filed in this case, and the plaintiff's amended complaint is accepted as filed. This amended complaint, however, is subject to an initial screening pursuant to 28 U.S.C. §1915.

The Request to Add Defendants [DE#'s 36, 39, 40], Motion to Add Count XVII [DE# 47] and request to add Lewis Thomas as a defendant [DE# 48] raise claims against new individuals at his current place of incarceration that arose subsequent to the filing of the original complaint, and are not related to any claims against the current defendants. Accordingly, the pleadings cannot be "amended" complaints, but they may be construed as supplemental pleadings, which require leave of court pursuant to Fed.R.Civ.P. 15(d). See Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185, 1188 (3 Cir. 1979). The plaintiff's purpose was not to supplant a prior complaint entirely, but to add additional defendants and causes of action. Under Rule 15(d), the district court has discretion to permit a plaintiff "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." As noted by Prof. Moore, "Rule 15(d) limits a supplemental pleading to the presentation of subsequent matter related to the claim or defense

3

presented in the original pleading." 3 James Wm. Moore & Richard D. Freer, Moore's Federal Practice ¶15.16[1] at 15-176 (2d ed. 1991). Such relief may include the addition of new defendants and new claims, if adequately related to the originally stated claims. See, e.g., id. at 15-176 to 178; id., ¶15.16[3] at 15-183 ("while the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches").

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\* \* \*

(B) the action or appeal –

\* \* \*

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

4

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Eleventh Circuit recently confirmed that there is a heightened pleading standard in §1983 actions against entities that can raise qualified immunity as a defense. Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11 Cir. 2004). While Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11 Cir. 1998); Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11 Cir. 1992), cert. denied sub nom. Deutcsh v. Oladeinde, 507 U.S. 987 (1993). Nevertheless, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11 Cir. 1985).

### Additional Claims Arising at Stockade

In the plaintiff's "Second Request to Amend/Add Counts to Statement of Claim" [DE# 14] he seeks to add two additional instances where unbanded inmates filled water coolers. It is recommended that this amended complaint proceed and become part of the Operative Complaint.

### Claims Arising at JV Conte Facility

The claims asserted in the proposed supplemental pleadings again raise claims that unbanded inmates handled water coolers, but the claims are entirely unrelated to the claims presented in the original pleading, as the plaintiff seeks to sue two defendants located at the Conte Facility, not Jenne or Alfalo. It is recommended that leave of Court be denied to litigate the supplemental pleadings [DE#'s 36, 39, 40, 47 and 48]. In the alternative, it is recommended that these pleadings be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted, for the following reasons.

The unnecessary and wanton infliction of pain rises to the level of cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312 (1986). To state a claim for relief, a plaintiff must allege the official was subjectively aware that a substantial risk of serious harm existed and the official did not respond reasonably to the risk. Farmer v. Brennan, 511 U.S. 825 (1994)(("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). A plaintiff must also show that the alleged constitutional violation caused his injuries.[1]

---

[1] Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir. 1985). In the context of a pretrial detainee claim of unconstitutional conditions of confinement, the standards are the same. Id. This applies to all claims in the complaint.

A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate may violate the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25 (1993). This risk violates the Eighth Amendment's requirement "that inmates be furnished with basic human needs, one of which is 'reasonable safety.'" Helling, 509 U.S. at 33 (quoting DeShaney v. Winnebago County Dept. Social Services, 489 U.S. 189 (1989)). As stated above, to state an Eighth Amendment claim, a plaintiff must show that the alleged constitutional violation caused an injury.

The plaintiff has failed to allege that Williams or Nunez acted with deliberate indifference. In fact, the grievance responses attached to the pleadings indicate that these officers were unaware of the alleged handling of water by unbanded inmates, and indicate that they took steps to correct the problem. The plaintiff's allegations, at best, raise a claim of negligence, which is not actionable in a §1983 case. For this reason, the plaintiff cannot proceed with an Eighth Amendment claim against these proposed new defendants allegedly responsible for exposing him to a risk of disease.

The plaintiff has also failed to raise a constitutional claim with regard to Williams' alleged failure to respond to his grievance. The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the

administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. Flick v. Alba, supra, 932 F.2d at 729.

It is therefore recommended that the claim concerning failure to act on the plaintiff's written and verbal grievances be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The plaintiff's claim that Williams and Nunez allegedly conspired to place him in suicide watch fails to state a claim for relief. The Supreme Court has recognized that a conspiracy to violate constitutional rights states a claim under 42 U.S.C. §1983. Dennis v. Sparks, 449 U.S. 24, 29 (1980); Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). However, to establish a prima facie case of conspiracy to violate rights protected under Section 1983, a plaintiff must demonstrate the defendants 'reached an understanding' to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.'" Bailey v. Board of County Commissioners, 956 F.2d 1112, 1122 (11 Cir.) (quoting Bendiburg v. Dempsey, 909 F.2d 463, 468 (11 Cir.), cert. denied, 500 U.S. 932 (1991)), cert. denied, 506 U.S. 832 (1992). Further, a complaint raising only conclusory, vague, general allegations of conspiracy may be dismissed. Fullman v. Graddick, 739 F.2d 553, 556-57 (11 Cir. 1984)("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed.").

The plaintiff has failed to state a claim for relief with regard to his allegation of a conspiracy among the above-named defendants, because he fails to sufficiently allege the existence of an agreement or mutual understanding among these individuals, and because his complaint is only conclusory and unsupported by specific factual allegations to show the existence of any conspiracy.

The plaintiff has also failed to state a cognizable denial of access to the courts claim. Prisoners have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport, 697 F.2d 992 (11 Cir. 1983). This right also extends to detainees, including pretrial detainees pending trial, Love v. Summit County, 776 F.2d 908, 912 (10 Cir. 1985) (recognizing pretrial detainees have the same constitutional access rights to vindicate fundamental constitutional rights).

To sufficiently allege a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7 Cir. 1992), quoting Shango v. Jurich, 965 F.2d 289 (7 Cir. 1992). To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. Martin v. Davies, 917 F.2d 336, 338 (7 Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

In the case of Lewis v. Casey, supra, the Supreme Court made clear that not just any prejudice will suffice. In Lewis, the Court emphasized that it is vital to a claim of denial of access to the courts for the plaintiff to specifically demonstrate how he was harmed and prejudiced with respect to any litigation in which he was involved. Id. at 349-353. It is not sufficient to merely allege, for example, the denial of access to a law library, even if the denial is ongoing in nature. Id., at 353 n.4. The Court also stated that "the injury requirement is not satisfied by just any type of frustrated legal claim." Id., at 354. Rather, the plaintiff must show that he was prejudiced in a criminal appeal, in a post-conviction proceeding, or in a civil rights action in which he sought "to vindicate 'basic constitutional rights.'" Id. at 354 (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)).

In this case, the plaintiff has failed to allege any facts which show that he has suffered any actual prejudice in this ongoing litigation. The plaintiff does not specify what information was

withheld nor does he explain why such information is relevant to the case, or not obtainable in discovery or other means. It is thus recommended that this claim be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### III. Recommendation

Based on the foregoing, it is recommended that:

1. The amended claims [DE# 14] become part of the Operative Complaint.

2. The plaintiff be denied leave to supplement his Complaint by adding proposed supplemental claims and proposed new defendants [DE#'s 36, 39, 40, 47 and 48], as these claims should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 25 day of September, 2006.

UNITED STATES MAGISTRATE JUDGE

cc: Dale H. Cline, Pro Se
No. 360500182
Joseph V. Conte Facility
P.O. Box 407016
Ft. Lauderdale, FL 33340

Adriana Mihaela Jisa, Esq.
Purdy, Jolly, Giuffreda & Barranco
2455 E. Sunrise Boulevard
Suite 1216
Fort Lauderdale, FL 33316