UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DALE H. CLINE,   CASE NO. 05-61909-CIV-COHN/WHITE

    Plaintiff,

vs.

BROWARD COUNTY SHERIFF'S
OFFICE, ET AL.,

    Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT OF MAGISTRATE JUDGE; ORDER DENYING PLAINTIFF'S VARIOUS MOTIONS TO AMEND COMPLAINT TO ADD CLAIMS AND DEFENDANTS**

THIS CAUSE is before the Court upon Plaintiff's various motions to amend the Complaint and add defendants [DEs 14, 36, 39, 40, 47 and 48], United States Magistrate Judge White's Report and Recommendation [DE 51] and Petitioner's Objections thereto [DE 54]. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court conducted a *de novo* review of the entire Court record and is otherwise fully advised in the premises.

## I.  BACKGROUND

The initial Complaint is a 42 U.S.C. § 1983 claim filed by a *pro se* inmate against the Broward County Sheriff's Office and individual Defendants Ken Jenne and Sergeant Alfalo. Each of the eleven counts details an incident in which Stockade facility officials allegedly permitted non-medically cleared ("unbanded") inmates to handle open food and water containers, putting the Plaintiff's health at risk. Plaintiff now seeks to alter or amend the Complaint to include additional instances of misconduct and to add three more individual defendants.

## II.  ANALYSIS

Plaintiff first seeks leave to amend his Complaint to add two additional instances where unbanded inmates allegedly filled water coolers [DE 14].  Judge White recommends and no party objects to granting this Motion and making the Amended Complaint part of the Operative Complaint.  The Court herein adopts the recommendation of Judge White and makes the Amended Complaint which includes the two additional instances of alleged improper water cooler fillings at the Stockade facility part of the Operative Complaint in this matter.

Plaintiff's remaining motions seek leave to add three individual defendants located at the JV Conte Facility, X.O. Williams, Deputy Nunez and Lewis Thomas.  Plaintiff alleges that Williams failed to take action to resolve a grievance filed by Plaintiff regarding the handling of the water cooler.  Next, Plaintiff alleges that Williams and Nunez conspired to wrongfully place Plaintiff on suicide watch.  Finally, he alleges that Thomas withheld legal information contained in the Facility's law library.

The Court finds that these allegations, although located at a different facility in Broward County than those contained in the initial Complaint, are sufficiently related to the claims presented in the original pleading to be included in the instant case.  However, the Court adopts the recommendation of Judge White and finds that pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), these pleadings fail to state a claim upon which relief can be granted.

Plaintiff's Motions to include claims against Williams and Nunez fail to establish that either Williams or Nunez acted with deliberate indifference to a known, substantial risk of serious harm to Plaintiff.  Farmer v. Brennan, 511 U.S. 825, 835-48 (1994).  The

Motions contain nothing more than cursory allegations regarding the use of unbanded inmates to fill the water coolers and Plaintiff's placement on suicide watch. As noted by Judge White, even if Plaintiff had sufficiently pled the allegations regarding the improper handling of the water cooler, the documentation attached to the Motions shows that once prison officials were notified of Plaintiff's concerns, they responded reasonably by conducting an investigation of the claims and admonishing the unbanded inmates. Plaintiff's claim that Williams and Nunez conspired to place him on suicide watch is similarly without merit. Plaintiff fails to demonstrate that Williams and Nunez "reached an understanding" to deny him constitutional rights when placing Plaintiff on suicide watch as required to state a claim for conspiracy. Bailey v. Bd. of Cty. Commissioners, 956 F.2d 1112, 1122 (11th Cir. 1992). Finally, the Court agrees with Judge White's finding that Plaintiff has failed to raise a constitutional claim with regard to Williams' alleged failure to respond to the grievance. Contrary to the statements made in Plaintiff's objections, the Constitution does not entitle prisoners and pretrial detainees to grievance procedures. E.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied 514 U.S. 1022 (1995). The Broward Sheriff's Office Department of Detention Standard Operating Procedures attached to Plaintiff's objections does not create a constitutional right. As such, the Motions to add claims against Williams and Nunez shall be denied.

Plaintiff's Motion to add claims against Thomas shall also be denied because the proposed claims fail to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Under the 1996 United States Supreme Court decision in Lewis v. Casey, 518 U.S. 343, 351, to sufficiently allege this claim, Plaintiff must

"demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." A plaintiff must show "some quantum of detriment" caused by the challenged conduct which results in the interruption and/or delay of the plaintiff's pending or contemplated litigation such as court dates missed or the inability to make timely filings. Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir. 1992); Martin v. Davies, 917 F.2d 336, 338 (7th Cir. 1990). As indicated by Judge White, Plaintiff's Motion to add Thomas as a defendant fails to allege any facts which show actual prejudice in litigation. Plaintiff does not provide the Court with evidence demonstrating how Thomas's actions specifically harmed and prejudiced Plaintiff in this or any other contemplated action other than stating that he was denied access to case law. Plaintiff's objections to Judge White's recommendation are similarly void of any specifics tending to show some quantum of detriment. Consequently, Plaintiff's Motion to add Thomas shall be denied.

### III.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections to Report of Magistrate Judge [DE 54] are **OVERRULED**;

2. The Report and Recommendation of United States Magistrate Judge Patrick A. White [DE 51] is **ADOPTED**;

3. Plaintiff's Second Request to Amend/Add Counts to Statement of Claim [DE 14] is **GRANTED**. The amended claims shall become part of the Operative Complaint;

4. Plaintiff's Request to Add Defendants [DE 36] is **DENIED**;

5. Plaintiff's Second Request to Add Defendants [DE 39] is **DENIED**;

4

      6. Plaintiff's Third Request to Amend, Add Count XVI to Statement of Claim [DE 40] is **DENIED**;

      7. Plaintiff's Motion to Attach Lt. (X.O.) Williams to Statement of Claim for Relief Requested [DE 47] is **DENIED**;

      8. Plaintiff's Request to Add Lewis Thomas, CCN 10290, as a Defendant [DE 48] is **DENIED**.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of January, 2007.

*[signature]*
JAMES I. COHN
United States District Judge

copies to:

United States Magistrate Judge White

Adriana Mihaela Jisa, Esq.

Dale H. Cline, *Pro Se*
No. 360500182
Joseph V. Conte Facility
P.O. Box 407016
Fort Lauderdale, FL 33340