UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61909-CIV-COHN/WHITE

DALE H. CLINE,

    Plaintiff,

vs.

BROWARD COUNTY SHERIFF'S
OFFICE, ET AL.,

    Defendants.

_____/

### ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION; ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment [DE 72], United States Magistrate Judge Patrick A. White's Report and Recommendation [DE 99], Plaintiff's Objections [DE 103], and Defendant Jenne's Objections [DE 104].  Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court conducted a *de novo* review of the entire Court record and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Dale H. Cline ("Cline") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants Broward County Sheriff's Office, Sheriff Ken Jenne, in his official capacity as Sheriff of Broward County, Florida ("Jenne"), and Sgt. Alfalo ("Alfalo") put Cline's health at risk when they allowed inmates who were not medically cleared and approved to handle food and water consumed by other inmates.[1]

---

[1] Cline repeatedly claims that the Broward County Sheriff's Office is a proper Defendant.  In Florida, however, a county Sheriff in his/her official capacity is the proper defendant.  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).  As such, all claims

At the time the case was filed, Plaintiff was a pretrial detainee. He has since been released from custody.

The facts of the case are detailed in Judge White's Report and Recommendation and are not objected to by any party. The Court adopts herein the facts as set forth in the Report and Recommendation.

Defendants moved for summary judgment alleging that Alfalo is entitled to qualified immunity because his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, and Jenne is entitled to judgment because there was no custom, policy or procedure implemented by the Broward County Sheriff's Office that is the cause of the alleged violation of Plaintiff's constitutional rights. Judge White recommends that Defendants' Motion be granted as to Alfalo and denied as to Jenne. Cline and Jenne filed objections to the Report and Recommendation.

## II.  ANALYSIS

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant

---

against the Broward County Sheriff's Office shall be treated as being filed against Sheriff Ken Jenne, in his official capacity.

summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S.

at 249-50.

## B. Summary Judgment as to Defendant Alfalo/Cline's Objections

Cline objects to the Report and Recommendation insofar as it recommends the granting of the Motion for Summary Judgment as to Alfalo. Judge White recommends that Alfalo is entitled to qualified immunity for all claims. To prevail in a § 1983 claim, the plaintiff must show that objectively, there was a "sufficiently serious deprivation" of his rights and subjectively, a state of mind which constituted a deliberate indifference to his well being. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). Governmental officials performing discretionary functions are entitled to the defense of qualified immunity where their conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Judge White recommends granting summary judgment as to Alfalo because the facts fail to establish Alfalo's involvement in the repeated events, nor do they indicate that Alfalo had the power or authority to do more than what he did -- address Cline's concerns with the deputies involved. Alfalo did not have the authority to initiate any sort of system-wide change. Cline's objections do nothing more than make a blanket assertion that Alfalo was fully aware of the grievances and failed to resolve the problems. The objections go against the weight of the evidence which shows that Alfalo, acting in his discretionary authority, responded to Cline's complaints by addressing the specific deputies concerned. As such, it has not been established that Alfalo violated Cline's constitutional rights in either his individual or supervisory capacity by acting with "deliberate indifference to a substantial risk of serious harm" to Cline.

Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995) ("[T]o survive summary judgment on his section 1983, Eighth Amendment claim, [the defendant] was required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant's deliberate indifferent to that risk; and (3) causation"); see also Wilson v. Attaway, 757 F.2d 1227, 1241-42 (11th Cir. 1985); Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87 (1st Cir. 1994).

Further, even if Cline established that Alfalo violated his Fourteenth Amendment rights,[2] Cline has failed to overcome the defense of qualified immunity.  See Foy v. Holston, 94 F.3d 1528, 1532 (11th Cir. 1996) ("Once the qualified immunity defense is raised, plaintiffs bear the burden of showing that the federal rights allegedly violated were clearly established. . . . [O]nly in exceptional cases will government actors have no shield against claims made against them in their individual capacities") (internal citations omitted).  It has not been established that Alfalo's action or inaction was such that a reasonable person would have known that it resulted in the deprivation of a clearly established constitutional or statutory right.  Accordingly, Cline's objections shall be overruled and summary judgment shall be granted in favor of Alfalo.

### C.  Summary Judgment as to Defendant Jenne/Jenne's Objections

Judge White recommends that the Court deny summary judgment as to Jenne because there are issues of material fact which must be decided by a jury.  Jenne

---

[2] Since Cline was a pretrial detainee rather than a convicted prisoner, his claim arises from the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment prohibition against cruel and unusual punishment.  Regardless, the standard under the two amendments is the same for purposes of the issues before the Court.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).

objects.

To establish liability of a governmental entity under § 1983, the plaintiff must establish a direct causal connection between a custom, policy, practice or procedure and the alleged constitutional deprivation. Bd. of Cty. Commissioners of Bryan Cty., Okla. v. Brown, 520 U.S. 397, 403-04 (1997).  In the Eleventh Circuit, "[a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999) (internal quotations omitted), overruled on other grounds by Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).  "A custom is a practice that is so settled and permanent that it takes on the force of law." Id.  It is not necessary that the custom or practice be in writing.  Municipalities and their agencies are not liable under *respondeat superior*. Brown, 520 U.S. at 403.  A § 1983 plaintiff must demonstrate that, "through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury." Id. at 404.

Jenne alleges that summary judgment should be granted because Cline has not established that his rights were violated.  Specifically, Jenne contends that Cline does not show that he was served nutritionally inadequate food nor that any inmate has fallen ill as a result of Cline's concerns with the filling of the water coolers.  Further, Jenne cites to a policy whereby inmates are reviewed for heath problems before being cleared for food service.  Finally, Jenne notes that even if the water coolers are filled by unbanded inmates, such a practice does not violate contemporary standards of decency.

After a review of the record, the Court finds that whether there was a custom or

6

practice which put Cline's health at a substantial risk of contacting communicable diseases requires a factual determination by a jury. Cline has alleged 16 separate incidents involving unbanded inmates filling water coolers and/or the filling of water coolers in unsanitary areas. Based on the number and specificity of the allegations, it is clear that even if there is a written policy in place whereby inmates are screened, there may be a custom or practice by which unscreened inmates handle the water. Whether this is a continuing practice which violates contemporary standards of decency is a material issue of fact. It is not for the Court to accept Jenne's blanket statement that society would not be offended by this practice. Therefore, the recommendation of Judge White is adopted and summary judgment shall be denied as to Defendant Jenne, in his official capacity. Jenne's objections shall be overruled.

### C.  Damages

Although the Court finds that the claims against Defendant Jenne may proceed to trial for a determination of material issues of fact, the only damages available to Cline if he is successful are nominal damages. See Carey v. Piphus, 435 U.S. 247, 266-67 (1978). Since he is no longer incarcerated, Cline is not entitled to injunctive relief. Boxer X v. Donald, 169 Fed. Appx. 555, 559 (11th Cir. 2006); Spears v. Thigpen, 846 F.2d 1327 (11th Cir. 1988). Additionally, he is not entitled to compensatory damages because he has not established that he suffered any real injury. Farrar v. Hobby, 506 U.S. 103, 112 (1992); Kelly v. Curtis, 21 F.3d 1544, 1557 (11th Cir. 1994). Further, while punitive damages are permissible in § 1983 claims even where there was no actual loss, Cline cannot recover punitive damages since counties or municipal defendants are immune from their imposition. Newport v. Fact Concerts, Inc., 453 U.S.

247, 268 (1981).

Nevertheless, the Complaint seeks damages for "whatever the court seems fare [sic]." Compl. [DE 1]. As such, Cline has preserved his right to nominal damages. Nominal damages are defined as "a trifling sum awarded when legal injury is suffered but when there is no substantial loss or injury to be compensated." Blacks Law Dictionary 396 (7th ed. 1999). An award of nominal damages is typically $1.00. E.g., Carey, 435 U.S. at 266-67; Magnett v. Pelletier, 488 F.2d 33, 35 (1st Cir. 1973); Cardin v. Via Tropical Fruites, Inc., No. 88-14201-CIV-MARCUS, 1993 WL 945324, at *21 n.13 (S.D. Fla. July 9, 1993). Cline shall not be entitled to any other relief.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Dale H. Cline's Objections [DE 103] are **OVERRULED**;

2. Defendant Ken Jenne's Objections [DE 104] are **OVERRULED**;

3. The Court hereby adopts the Report and Recommendation of United States Magistrate Judge Patrick A. White [DE 99];

4. Defendants' Motion for Summary Judgment [DE 72] is **GRANTED** as to Defendant Sgt. Alfalo;

5. Judgment is hereby entered in favor of Sgt. Alfalo and against Dale H. Cline. Plaintiff shall take nothing from Sgt. Alfalo;

6. Defendants' Motion for Summary Judgment [DE 72] is **DENIED** as

to Defendant Ken Jenne, in is his official capacity.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of August, 2007.

JAMES I. COHN
United States District Judge

Copies to:

United States Magistrate Judge White
Adriana Mihaela Jisa, Esq.
Dale H. Cline, *Pro Se*